**Petition for Naturalization of Vaofefe T. M. WILLESS.**

**No. 18474.**

United States District Court
D. Hawaii.
Dec. 10, 1956.

Gary Fugiwara, Naturalization Examiner, Honolulu, Hawaii, presented the case.

McLAUGHLIN, Chief Judge.

Petitioner, Vaofefe T. M. Willess, wife of Homer LeRoy Willess, a citizen of the United States, seeks citizenship by means of § 319(b) of the Immigration and Nationality Act, 8 U.S.C.A. § 1430 (b).

Mrs. Willess, born a British subject in Samoa, married in American Samoa, admitted to the United States for permanent residence at the port of Honolulu February 27, 1948, and resident

with her husband continuously on Wake Island since August 8, 1948, is entitled to have her petition granted if as a matter of law her husband can be held to be "regularly stationed abroad" by reason of his being a Civil Aeronautics Administration employee on Wake.

In brief, the question is: Is Wake Island a place "abroad" for the purposes of the Immigration and Nationality Act?

In my opinion it is, and, so holding, the petition is granted.

Wake was acquired by the U. S. S. Bennington on January 17, 1899, for the United States (Vol. 1, Moore, Int. Law Digest, p. 555) and by Executive Order 6935 of December 29, 1934, set aside and placed under the control and jurisdiction of the Secretary of Navy for administrative purposes, Hackworth, Digest of Int.Law, Vol. 1, p. 511.

Not only is Wake factually not a State but also it is not included within the statutory definition of the word "State" as used in this Act, § 101(a) (36), 8 U.S.C.A. § 1101(a) (36). Nor does the Act include it as an " 'outlying possessions of the United States' ", § 101(a) (29), 8 U.S.C.A. § 1101(a) (29), and the Act's statutory definition of the "United States" geographically does not include Wake, § 101(a) (38), 8 U.S.C.A. § 1101 (a) (38). Wake, too, is not within the definition of the Act's identification of a "foreign state", § 101(a) (14), 8 U.S. C.A. § 1101(a) (14).

For judicial purposes, to be sure, Wake Island has been placed by Congress within this Court's jurisdiction, 28 U.S.C. § 91, but this judicial fact sheds no light upon the meaning of "abroad" as undefined by the Act here involved, for these two laws are aimed at different unrelated objectives.

Knowing, therefore, of no reason why as here used this word "abroad", which the Act does not define, should not be accorded its normal dictionary meaning, to wit: "Outside a certain confine"; "Beyond the bounds of a country", Webster's New Collegiate Dictionary, I have concluded as a matter of law that Wake is "abroad" under this Act and hence this petitioner is entitled to have her petition granted. The equities surrounding the life of one regularly stationed upon Wake Island—far distant from any court—also support this conclusion.